**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GEORGE MOORE, on behalf of himself and others similarly situated, | : | |
| Plaintiff, | : | Case No. 1:18-cv-02794 |
| v. | : | |
| DEFENDERS, INC. d/b/a PROTECT YOUR HOME, | : | **Jury Trial Demanded** |
| Defendant. | : | |

**CLASS ACTION COMPLAINT**

**Preliminary Statement**

1. Plaintiff George Moore ("Plaintiff") brings this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 745 (2012).

2. In violation of the TCPA, Defendant Defenders, Inc. d/b/a Protect Your Home ("Defenders") placed telemarketing calls to a telephone number Mr. Moore had registered on the National Do Not Call Registry for the purposes of advertising its goods and services.

3. Mr. Moore never consented to receive these calls, and they were placed to him for telemarketing purposes. Because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, Mr. Moore brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of the Defendant.

4. A class action is the best means of obtaining redress for the Defendant's wide-scale illegal telemarketing, and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**Parties**

5. Plaintiff George Moore is a resident of Illinois in this District.

6. Defendant Defenders, Inc. d/b/a Protect Your Home is an Indiana corporation that has its principal office in Indianapolis, Indiana, with a registered agent of Mark J. Colucci, 3750 Priority Way South Drive, Indianapolis, Indiana 46240. Defenders is registered to do business in Illinois through the Illinois Secretary of State, and it is licensed as a private alarm contractor agency through the Illinois Department of Financial and Professional Regulation (License No. 127001042).

7. Defenders places telemarketing calls into this District, as it did with the Plaintiff.

**Jurisdiction & Venue**

8. The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

9. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2) because the Defendant is a resident of and does business in this District, and because Plaintiff Moore is a resident of this District, which is where he and other class members in this District received the illegal telemarketing calls that are the subject of this putative class action lawsuit.

**TCPA Background**

10. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . .

can be an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

11. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

12. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry. 47 U.S.C. § 227(c); 47 C.F.R. §§ 64.1200(c)(2) and (e).

13. A person whose number is on the Registry, and who has received more than one telephone call within any twelve-month period by or on behalf of the same entity in violation of the TCPA, can sue the violator and seek statutory damages. 47 U.S.C. § 227(c)(5).

14. The regulations exempt from liability a caller who has obtained the subscriber's signed, written agreement to receive telephone solicitations from the caller. 47 C.F.R. § 64.1200(c)(2)(ii). That agreement must also include the telephone number to which the calls may be placed. *Id.*

**Factual Allegations**

15. The Defendant is an Authorized Dealer for ADT Security.

16. As an Authorized Dealer, the Defendant is compensated by ADT for generating new customers.

17. In order to generate new customers for ADT, the Defendant relies on outbound telemarketing.

18. Mr. Moore's residential telephone number, (630) 510-XXXX, has been on the National Do Not Call Registry for years prior to the receipt of the calls at issue.

19. Mr. Moore has never removed his residential telephone number from the National Do Not Call Registry.

20. On February 27 and 28, 2018, as well as March 1 and March 5, 2018, the Plaintiff received telemarketing calls made for the purpose of selling the Defendant's goods and services.

21. For example, the March 1, 2018 call stated that it was "Cheyna with Protect Your Home.

22. "Cheyna" then attempted to sell the Plaintiff the Defendant's goods and services.

23. After identifying that the Defendant was responsible for the calls to the Plaintiff, the Plaintiff requested that he no longer receive communications from the Defendant, even though he was listed on the National Do Not Call Registry.

24. Despite that request, Mr. Moore continued to receive calls from the Defendant, including on March 9 and 13, 2018.

25. The generic nature of these calls was also revealed in a call from "Alissa" and "Debbie" in March of 2018, which began with "we are calling to provide home owners state of the art home security system. There is no cost for the system. I just need to know am speaking with the decision maker of the home?"

26. This was a scripted telemarketing pitch, not designed specifically for Mr. Moore or anyone else, but intentionally broad enough to apply to any of the "cold calls" that the Defendant was making.

27. "Debbie" gave her employee ID as 18422.

28. Plaintiff is not a customer of Defendant and has not provided Defendant with his written consent to receive telemarketing calls.

29. The Plaintiff received calls from the following Caller ID numbers: (714) 790-0073, (312) 379-8716, (765) 204-1276 and (907) 827-9120.

30. Unfortunately, the Plaintiff is not the only individual who has been disturbed by Defenders' calling practices, as other individuals have complained about getting calls from the same CID number from around the same time that the Plaintiff was called:

> **SueG**
> 1 Mar 2018
> Call from this number two days in a row without leaving a message….
>
> **Bonnie**
> 12 Mar 2018
> Hang up call.

https://800notes.com/Phone.aspx/1-714-790-0073 (last visited April 19, 2018).

> 1, Mar. 2018 THEY ARE BREAKING THE LAW AND INVADING THE PRIVACY OF EVERY PERSON THEY CALL!

http://www.whycall.me/714-790-0073.html (last visited April 19, 2018).

31. Plaintiff and the other calls recipients were harmed by these calls. They were temporarily deprived of the legitimate use of their phones because the phone line was tied up, and their privacy was improperly invaded.

32. Moreover, these calls injured Plaintiff because they were frustrating, obnoxious, annoying, were a nuisance, and disturbed the solitude of Plaintiff and the class.

## Class Action Allegations

33. As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

34. The class of persons Plaintiff proposes to represent is tentatively defined as:

> (1) All persons in the United States (2) whose residential phone number was listed on the National Do Not Call Registry (3) for more than 30 days (4) to whom Defendant, or any party acting on its behalf, placed more than one non-emergency telephone call (5) within any twelve-month period (6) within 4 years of the filing of the complaint through the date of trial.

Excluded from the class are the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned and any member of such judge's staff and immediate family.

35. The class as defined above is identifiable through phone records and phone number databases.

36. The potential class members number at least in the thousands. Individual joinder of these persons is impracticable.

37. Plaintiff is a member of the class.

38. There are questions of law and fact common to Plaintiff and to the proposed class, including but not limited to the following:

a. Whether Defendant violated the TCPA by calling individuals on the National Do Not Call Registry;

b. Whether Defendant placed calls without obtaining the recipients' prior consent for the call;

c. Whether the Plaintiff and the class members are entitled to statutory damages as a result of Defendant's actions.

39. Plaintiff's claims are typical of the claims of class members.

40. Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the class, he will fairly and adequately protect the interests of the

class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

41. The actions of the Defendant are generally applicable to the class and to Plaintiff.

42. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

43. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

44. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## Legal Claims

### Count One:<br>Violation of the TCPA's Do Not Call provisions

45. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

46. The Defendant violated the TCPA by (a) initiating telephone solicitations to persons and entities whose telephone numbers were listed on the Do Not Call Registry, or (b) by the fact that others made those calls on its behalf. *See* 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

47. The Defendant's violations were negligent and/or willful or knowing.

## Relief Sought

For himself and all class members, Plaintiff requests the following relief:

A. Injunctive relief prohibiting such violations of the TCPA by the Defendant;

B. Because of Defendant's violations of 47 C.F.R. § 64.1200(c), Plaintiff Moore seeks for himself and the class $500 in statutory damages for every violation of such regulations, or—where such regulations were willfully or knowingly violated—$1,500 per violation;

C. An award of attorneys' fees and costs to counsel for Plaintiff and the class, to the extent permitted by law;

D. An order certifying this action to be a proper class action under Federal Rule of Civil Procedure 23, establishing any appropriate class the Court deems appropriate, finding that Plaintiff is a proper representative of the class, and appointing the lawyers and law firms representing Plaintiff as counsel for the class; and

E. Such other relief as the Court deems just and proper.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

Respectfully submitted,

GEORGE MOORE

Dated: April 19, 2018

By: *\/s/ Alexander H. Burke*

Alexander H. Burke
Daniel J. Marovitch
Burke Law Offices, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
Telephone: (312) 729-5288
aburke@burkelawllc.com
dmarovitch@burkelawllc.com

Edward A. Broderick
Anthony I. Paronich
Broderick & Paronich, P.C.
99 High St., Suite 304
Boston, MA 02110
Telephone: (508) 221-1510
ted@broderick-law.com
anthony@broderick-law.com
*Subject to Pro Hac Vice*

Matthew P. McCue
The Law Office of Matthew P. McCue
1 South Avenue, Suite 3
Natick, MA 01760
Telephone: (508) 655-1415
mmccue@massattorneys.net
*Subject to Pro Hac Vice*

*Counsel for Plaintiff*